Bay, J.
Upon the argument of this case, I was rather inclined to think that the right of property was not absolute in the mortgagees, till after a foreclosure, or a sale under the mortgage, which in this country has been considered as tantamount to a foreclosure. But upon reconsidering this case, I am now very clearly of opinion that upon failure of payment of the money, or performance of the condition in the mortgage, the property becomes absolute in the mortgagee. Before the failure of payment of the money mentioned in the proviso, the legal estate is. *155 still in the mortgagor, and only a conditional one in the mortgagee. But after failure of payment of the money, it is no longer conditional in the mortgagee, but absolute ; and it is gone in law from the mortgagor for ever, subject however in equity, at any time before foreclosure^ to the right of redemption, upon payment of principal and interest of the mortgage money. 2 Black. C. 158. 3 Bac. Tit. Mortgage, 635. See also also Tuckers and Palmers case, ante, argued this term. Taking it then for granted, that the property is absolute in the mortgagee after failure, it follows as a natural consequence that he may pursue his property wheresoever he can find it; for the right of property gives the right of remedy, and he may take it out of the possession of the mortgagor himself, or our of the possession of any .other person who may have it by transfer or sale, if he can procure such. possession peaceably; or, upon demand and refusal, may. maintain an action of tro-ver for it; for he who has the first mortgage shall prevail over all other mortgages or conveyances whatever. Equ. Cabr. 320. 3 Bac. 642.
The civil law is very full upon this right of the creditor, to pursue the thing mortgaged in the hands of any person in whose possession it may be found; 1 Domat, 343. &c. &c. and the common law in this respect is borrowed from the civil law.
It has been the custom, from time immemorial, in this country for the mortgagee, after failure of payment of the money mentioned in the proviso, to *156 seize the negroes, or other chattels, and, after duly advertising, to sell them towards payment and satisfaction of the debt. And indeed, this custom seems to have given rise to the common covenant in almost every mortgage deed, to empower the mortgagee to seize and sell, and to return the overplus if any, to the mortgagor, which in fact, is only a declaration of the common law right which would exist without it. And, although it is usual and common to put such znortgages into the hands of the sheriff to seize and sell, yet he only acts as the agent of the mort-' gagees, and not in his official capacity of sheriff. This custom, however, is a very commendable one, as the sheriff of a district is always supposed to be highly trust-worthy, and a very proper person to conduct such sales. Upon the whole, I am of opinion that the non-suit should be set aside, and a new trial granted.
Grimkie, J. concurred with Bay, J.
Brevard, J. dissented.